```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
MICHAEL J. OLIVER,                    :
                                      :
            Plaintiff(s),             :   Civil Action No.
                                      :   06-6193(JLL)
                                      :
                                      :
      v.                              :
                                      :
                                      :
                                      :   REPORT AND RECOMMENDATION
                                      :
THIRD WAVE TECHNOLOGIES, INC.         :
                                      :
                                      :
                                      :
            Defendant(s).             :
_____:


## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint for improper venue or, in the alternative, to transfer venue [Docket entry No. 5]. Plaintiff opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Defendant's motion to transfer venue.

1

## BACKGROUND

On November 29, 2006, Plaintiff Michael J. Oliver ("Oliver" or "Plaintiff") filed a Complaint in New Jersey Superior Court alleging age-based discriminatory termination in violation of the New Jersey Law Against Discrimination, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and quantum meruit against Defendant Third Wave Technologies, Inc. ("Third Wave"). Plaintiff resides within the District of New Jersey. Defendant is a Delaware corporation with its principal place of business located in Madison, Wisconsin and is primarily engaged in the development and sale of molecular diagnostic reagents in connection with DNA and RNA analysis applications.

Oliver began his employment with Third Wave in November 2003. According to the Complaint, Oliver was hired by Third Wave to serve as a Territory Manager for the New York, New Jersey and Pennsylvania area. In that capacity, Oliver engaged in direct sales of Third Wave products to hospitals and clinical laboratories within his assigned region. Oliver executed an employment agreement with Third Wave upon commencement of his employment with Third Wave (the "Employment Agreement"). The Employment Agreement did not contain a forum selection clause.

In February 2004, Third Wave authorized the issuance of stock options to its employees. In order to receive the options,

employees were required to execute an Agreement with respect to Confidential Information and Invention Assignment (the "Agreement").  The  Agreement was sent to all Third Wave employees, including Oliver, on May 5, 2004. Significantly for purposes of this motion, the Agreement contained a forum selection clause which reads as follows:

> **Waiver of Jury Trial.**  I agree to waive my right to a jury trial with respect to any controversy, claim, or dispute arising out of or relating to this Agreement, or breach thereof, or arising out of or relating to my employment, or termination thereof, including any claims under federal, state, or local law, *and that any such controversy, claim, or dispute shall be heard and adjudicated before a judge in the state and federal courts located in Wisconsin.*  (emphasis added).

The Agreement was comprised of ten total sections and included a final section in which employees were required to acknowledge and agree that they executed the Agreement voluntarily, carefully read the terms and consequences of the Agreement, acknowledged the binding effect of the Agreement, and that they had sought the advice of an attorney if they so desired.  The Agreement was accompanied by a cover letter stating that Third Wave would be providing stock option grants in consideration for the Agreement and that the grants would be contingent upon signing.  All Third Wave employees were given approximately two weeks, from May 5, 2004 - May 21, 2004,  to

3

review and consider their consent to the Agreement.

On May 13, 2004, Oliver signed the Agreement. According to Third Wave, several employees, at least one of whom reported to the same supervisor as Oliver, declined to execute the Agreement. Third Wave states that the non-signing employees suffered no adverse ramifications as a result.

On January 5, 2006, Third Wave terminated Oliver's employment. As noted, Oliver filed a Complaint against Third Wave on November 2, 2006. On December 28, 2006, Third Wave removed the action to this Court based on diversity jurisdiction. Defendant now moves before this Court to dismiss the matter or, in the alternative, to transfer venue to the Western District of Wisconsin. In support of its motion, Defendant argues that the forum selection clause in the Agreement, which designates Wisconsin as the appropriate venue for all disputes between the parties, is valid and should be enforced. Defendant asserts that the forum selection clause at issue is valid and enforceable because: (1) it was not procured through fraud or overreaching; (2) enforcement would not violate public policy; and (3) litigation in the Western District of Wisconsin is not seriously inconvenient for the parties.

In response, Plaintiff argues that the Court should deny Defendant's motion because the aforementioned forum selection clause is unenforceable. In support of his argument, Plaintiff

claims that (1) the clause is ambiguous; (2) his consent to the clause was procured as a result of overreaching; and (3) litigation in the Western District of Wisconsin would be seriously inconvenient.

## DISCUSSION

**1. Procedural issues**

The Third Circuit has delineated several different procedures by which a party may move to enforce a forum selection clause.  <u>Salovarra v. Jackson Nat'l Life Ins. Co.</u>, 246 F.3d 289, 297-299.  The proper procedure to be employed is dictated by the facts of the action.  Specifically, where a forum selection clause designates suit in another federal forum and where venue would otherwise be proper in the initial forum, a party may bring a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to another federal court.  <u>Id.</u> at 297-98.[1]  In such circumstances, a party also may bring a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or(6) in conjunction with its motion to transfer.  <u>Id.</u> at 299 (affirming <u>Crescent Int'l v. Avatar Communities, Inc.</u>, 857 F.2d 943 (3d Cir. 1988)). Likewise, it necessarily follows that, where venue would remain improper in the forum court absent the

---

[1] Section 1404(a) states in pertinent part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

forum selection clause, a party may bring a motion to transfer or dismiss pursuant to 28 U.S.C. § 1406(a). See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)(stating that Section 1404(a) applies when venue would otherwise be proper in the initial forum and Section 1406(a) applies when venue is improper in the initial forum).[2]

Defendant has moved before this court for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or(6) or, in the alternative, for a motion to dismiss or transfer venue pursuant to Section 1406(a).  The Third Circuit has noted that transfer generally is the appropriate remedy when the forum selection clause allows the suit to proceed in another federal forum.  Salovarra, 246 F.3d at 299.  As the clause at issue allows the suit to proceed in the federal courts of Wisconsin, the Court declines to dismiss the Plaintiff's Complaint, but finds that the Defendant's motion to transfer venue should be granted.  Moreover, having found the forum selection clause in the instant matter to be valid, the Court need not engage in an extensive analysis as to whether venue would otherwise be proper here and whether the proper procedural mechanism for transfer lies in Section 1404(a) or Section 1406(a).

---

[2]Section 1406(a) states in pertinent part: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

6

**2. Enforceability of the forum selection clause**

The enforceability of a forum selection clause is determined as a matter of federal law. Cadapult Graphic Systems, Inc. v. Tektronix, Inc., 98 F.Supp.2d 560, 563 (D.N.J. 2000). Forum selection clauses are presumptively valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10(1972); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991). Such clauses will not be set aside unless the objecting party can establish that: (1) the clause was procured as the result of fraud or overreaching; (2) enforcement would violate a strong public policy of the forum; or (3) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d. Cir. 1983), cert. denied, 464 U.S. 938 (1983) (citing Bremen, 407 U.S. at 10; see also Reynolds Publishers, Inc. v. Graphics Financial Group, Ltd., 938 F.Supp. 256, 263 (D.N.J. 1996). The party objecting to enforcement of a forum selection clause bears the "heavy burden" of demonstrating why they should not be bound by their contractual choice of forum. Pemaquid Underwriting Brokerage, Inc. v. Mutual Holdings (Bermuda), Ltd., 2003 U.S. Dist. LEXIS 26480, *14 (D.N.J. June 3, 2003)(quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

**A. Fraud or Overreaching**

A forum selection clause is presumptively valid and may be set aside for fraud or overreaching only if the "inclusion of that clause is a product of fraud or coercion." Hoffer v. Infospace.com, Inc., 102 F.Supp.2d 556, 563 (D.N.J. 2000); see also Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 470 (D.N.J. 1998). The Court is persuaded that Oliver's consent to the forum selection clause at issue was not procured as a result of fraud or coercion.

The Court finds that the time period Third Wave allotted to its employees to review and consider the Agreement, including the clause at issue, weighs against a finding of coercion. Oliver had more than two weeks – and took eight days -- to review and consider the Agreement and the forum selection clause contained therein. During those weeks, Oliver had sufficient time to weigh the risks and benefits of consenting to the Agreement and to obtain counsel to advise him as to the effect of the clause. Further, Section 10 of the Agreement required Oliver to acknowledge and agree to the terms of the Agreement and to confirm that he had executed the Agreement voluntarily, carefully read the Agreement, asked questions regarding terms he deemed ambiguous and had sought the advice of counsel if he so desired. Based on the facts as presented by the parties, the Court finds that Third Wave allowed adequate time for its employees, including Oliver, to

review and consider the Agreement and to determine whether they wished to consent to the Agreement (and the clause) and, in turn, to receive the aforementioned stock options.[3]

In support of his claim of coercion, Oliver further argues that he believed he would suffer adverse employment action if he failed to execute the agreement. Oliver asserts that he was advised by his supervisor that he would be terminated if he failed to sign the agreement. The evidence does not support Oliver's assertions. As noted, several employees, including at least one working under the same supervisor as Oliver, chose not to sign the Agreement and suffered no adverse ramifications. The Court is persuaded that Third Wave appropriately apprised Oliver that he had the option to not execute the Agreement and that there was no basis for Oliver to believe that he would suffer adverse action, aside from not receiving stock options, as a result. Accordingly, the Court finds that the forum selection clause at issue was not procured as a result of fraud or coercion.

Interrelatedly, Oliver claims that the forum selection clause is ambiguous. The Court finds, however, that the clause is unambiguously worded and was clearly presented to the signing employee. Although the clause does indeed appear in a subheading

---

[3] The Court finds that Oliver received stock options in exchange for his consent to the Agreement, also mitigating against a finding of coercion.

entitled "Waiver of Jury Trial," the language contained in the clause is simple and straightforward. The semantics make clear that a signing employee, such as Oliver, thereby agrees that any dispute arising out of employment with Third Wave "shall be heard and adjudicated before a judge in the state and federal courts located in Wisconsin."  Accordingly, Plaintiff's claim that the forum selection clause is invalid because it was procured as result of fraud or overreaching is rejected.

**B. Violation of Public Policy**

Oliver has failed to articulate an identifiable public policy that would be violated by enforcing the forum selection clause at issue.  In contrast, Third Wave has asserted plausible commercial reasons for seeking its employees' consent to litigate within the Wisconsin courts.  It attempts to control costs and centralize its litigation, as it maintains its corporate headquarters in Wisconsin yet employs individuals who work from 'home offices' throughout the United States.   See e.g., Carnival Cruise Lines, Inc., 499 U.S. at 593.

The Court finds Third Wave's assertions as to the commercial benefits of utilizing a forum selection clause to be persuasive. The Court is further satisfied that the Wisconsin courts provide a fully adequate venue in which Oliver may pursue his claims and does not find that the Wisconsin courts would be unable to

interpret or apply the proper state's law.  Accordingly, being presented with no evidence to the contrary, the Court finds that enforcing the forum selection clause at issue would not violate public policy.

**C. Litigation in a Seriously Inconvenient Jurisdiction**

"[A] party objecting to the enforcement of a forum selection clause as 'unreasonable' must meet a strict standard of proof." Danka Funding, 21 F.Supp.2d 465, 471 (quoting In Re Diaz Contracting, Inc., 817 F.2d 1047, 1051 (3d Cir. 1987).  This strict standard of enforceability is such that enforcement should only be denied where it would be so seriously inconvenient that the resisting party would be effectively denied his or her day in court.  Id.

The Court is not persuaded by Oliver's assertions as to the serious inconvenience of litigating this matter in Wisconsin.  The court observes that Oliver has not provided any evidence to support his claim of inconvenience and expense.  General, blanket assertions as to the expense and burden of proceeding with this litigation in Wisconsin are not sufficient to sustain a finding of serious inconvenience.  Danka Funding, 21 F.Supp.2d at 471-472.

Third Wave asserts, and the Court is persuaded, that Oliver had the opportunity to weigh the benefits and consequences of executing the Agreement before he chose to do so.  By executing

11

the Agreement, Oliver chose to bear the risk of any inconvenience with respect to the litigation forum.  A strict standard of proof must be met in order for the Court to find that proceeding with the litigation would be seriously inconvenient.  Oliver has not shown that litigating this matter in Wisconsin would deprive him of his day in court.  Accordingly, the circumstances cited by Oliver do not demonstrate the level of seriousness required to find the forum selection clause at issue unenforceable.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant's motion to transfer venue [Docket Entry No. 5] is granted.

Respectfully submitted,

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: September 6, 2007**