<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. OLIVER, <br><br> Plaintiff, <br><br> v. <br><br> THIRD WAVE TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No.: 06-CV-6193 (JLL) <br><br><br> OPINION ADOPTING <br> SEPTEMBER 6, 2007 <br> REPORT AND RECOMMENDATION |

**LINARES**, District Judge.

This matter comes before the Court on the objection of Plaintiff, Michael J. Oliver, to the September 6, 2007 Report and Recommendation of United States Magistrate Judge Claire C. Cecchi regarding Defendant's motion to dismiss the instant Complaint for improper venue, or, in the alternative, to transfer venue. This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Magistrate Judge Cecchi's September 6, 2007 Report and Recommendation, and thus grants Defendant's motion to transfer [CM/ECF Docket Entry No. 5].

<u>FACTUAL AND PROCEDURAL HISTORY</u>

A detailed factual background of this case is set forth in Magistrate Judge Cecchi's September 6, 2007 Report and Recommendation, and will not be repeated here, except where necessary to provide context for this Court's review of same.

Plaintiff, Michael Oliver, commenced the instant cause of action against Defendant, Third

Wave Technologies, Inc., a company which develops, markets and sells molecular diagnostic reagents for DNA and RNA analysis applications, in November 2006 in the Superior Court of New Jersey, Passaic County.  Therein, Plaintiff alleged claims of age-based discrimination in violation of the New Jersey Law Against Discrimination, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and quantum meruit against Defendant – his former employer.

Defendant filed a notice of removal in this Court on December 26, 2006.[1]  Shortly thereafter, in February 2007, Defendant filed the instant motion to dismiss Plaintiff's Complaint for improper venue, or, in the alternative, to transfer venue, claiming that this "action is indisputably based on an Employment Agreement which contains a forum selection clause expressly requiring that all claims or controversies arising out of or relating to the agreement be adjudicated in Wisconsin." (Def. Br. at 2).  By way of Report and Recommendation dated September 6, 2007, Magistrate Judge Cecchi recommended that this Court grant Defendant's motion to transfer, and deny Defendant's request to dismiss the instant Complaint, finding that "the clause at issue allows the suit to proceed in the federal courts of Wisconsin."[2] (Report and Recommendation at 6).

## LEGAL DISCUSSION

**A.      Standard of Review**

---

[1] Jurisdiction is premised on 28 U.S.C. § 1332.

[2] This Court has the authority to transfer this action to the District of Wisconsin pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought.  28 U.S.C. § 1404(a).

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge].  The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).  Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).  In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion.  See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").

Plaintiff now objects to Magistrate Judge Cecchi's recommendation on the basis that Magistrate Judge Cecchi should have conducted an evidentiary hearing prior to making a

3

determination on the enforceability of the forum selection clause at issue. While motions to transfer may be considered dispositive,[3] because Plaintiff objects to a discretionary determination, this Court reviews Magistrate Judge Cecchi's decision not to conduct an evidentiary hearing for abuse of discretion.[4] See, e.g., United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004) ("[o]n appeal, we consider only the District Court's decision to not conduct an evidentiary hearing . . . and we review that decision for abuse of discretion."); In re Tutu Water Wells CERCLA Litig., 326 F.3d 201, 209 (3d Cir. 2003) ("[t]he decision whether to hold a full-blown evidentiary hearing is committed to the sound discretion of the District Court.").

**B.     Objections to the September 6, 2007 Report and Recommendation**

Local Civil Rule 72.1(c)(2) provides, in relevant part, as follows:

> Any party may object to the Magistrate Judge's proposed findings, recommendations or report issued under this Rule within 10 days after being served with a copy thereof. . . A Judge shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

L. Civ. R. 72.1(c)(2). Here, Plaintiff's specific objection is that "the court should have conducted an evidentiary hearing before deciding that the forum selection clause at issue was not procured as a result of fraud or coercion." (Pl. Objection at 2).

Notably absent from Plaintiff's opposition to Defendant's motion to transfer, however, is any type of request for an evidentiary hearing. Thus, any such request was not properly before

---

[3] Compare L. Civ. R. 72.1(a) (stating that "[m]otions to transfer a matter from one district to another are regarded as non-dispositive") with Wilson v. American Automar, Inc., No. 04-4726, 2007 WL 1741762 (D.N.J. June 14, 2007) (treating motion to transfer as dispositive).

[4] Plaintiff does not suggest that an alternative standard of review should be applied.

Magistrate Judge Cecchi.  As a result, to the extent that Plaintiff now objects to Magistrate Judge Cecchi's decision not to conduct an evidentiary hearing – when Plaintiff never requested that Magistrate Judge Cecchi conduct such a hearing – this Court finds that Plaintiff's objection is unfounded.

Even if the Court were inclined to consider the merits of Plaintiff's objection, the Court notes that Plaintiff provides absolutely no legal basis and/or authority in support of his contention that (a) he was entitled to an evidentiary hearing, and (b) Magistrate Judge Cecchi abused her discretion in failing to conduct same.  Thus, Plaintiff's objection fails to comply with Local Civil Rule 72.1(c)(2), which provides that a party objecting to a Magistrate Judge's report and recommendation shall "file . . . objections which shall specifically identify the portion of the proposed findings, recommendations or report to which objection is made **and** the basis of such objection." L. Civ. R. 72.1(c)(2) (emphasis added).  Accordingly, Plaintiff has given the Court no reasonable basis to find that Magistrate Judge Cecchi abused her discretion in rendering her recommendation without first conducting an evidentiary hearing.

The parties do not expressly object to any other portion of Magistrate Judge Cecchi's September 6, 2007 Report and Recommendation.  Nevertheless, the Court has reviewed the parties' submissions, as well as September 6, 2007 Report and Recommendation, and is satisfied that there is no clear error on the face of the record to warrant denial of Magistrate Judge Cecchi's recommendation.

## **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Cecchi's September 6, 2007 Report and Recommendation, including Plaintiff's objection thereto, this Court hereby adopts Magistrate

Judge Cecchi's Report and Recommendation as the findings of fact and conclusions of law of this Court, and thus grants Defendant's motion to transfer the instant matter to the District of Wisconsin.

      An appropriate Order accompanies this Opinion.


DATED: September 24, 2007                  /s/ Jose L. Linares
                                                   Jose L. Linares
                                                   United States District Judge